IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

_____

| | |
|---|---|
| AMERICAN ACCESS CASUALTY COMPANY, As Subrogee of Maribel Rodriguez,<br><br>       Plaintiff,<br><br>v.<br><br>UNITED STATES POSTAL SERVICE,<br><br>       Defendant. | Civil Action No. 3:22-CV-2135 |

## NOTICE OF REMOVAL

Please take notice that defendant United States Postal Service (USPS) hereby removes the action pending as Cause No. CV2-22-0218 in the Justice Court of Rockwall County, Texas (Precinct 2), to the Dallas Division of the United States District Court for the Northern District of Texas, and as support would respectfully show as follows:

1.     Cause No. CV2-22-0218 was commenced upon the filing of an original petition by plaintiff American Access Casualty Company against USPS.  In the petition, American Access alleges that its insured sustained damages in the amount of $6,893.33 in an automobile collision with a vehicle driven by a USPS employee.  American Access states that it compensated its insured for the loss and now seeks a recovery against USPS as a subrogee.

2.     This action is removable pursuant to 28 U.S.C. § 1442(a)(1), which authorizes the removal of any "civil action . . . commenced in a State court" against

"[t]he United States or any agency thereof or any officer (or person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office."  This removal provision applies in this case because USPS is a component of the executive branch of the United States government.  *See* 39 U.S.C. § 201.

3.  The purpose of the section 1442(a)(1) removal provision is to protect the lawful activities of the federal government from undue state interference.  *See Willingham v. Morgan*, 395 U.S. 402, 405–06 (1969).  Unlike the general removal statute, which must be "strictly construed in favor of remand," *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002), "[t]he Supreme Court has stated that § 1442(a)(1) is to be construed broadly and 'should not be frustrated by a narrow, grudging interpretation,'" *Humphries v. Elliot Co.*, 760 F.3d 414, 417 (5th Cir. 2014) (quoting *Willingham v. Morgan*, 395 U.S. 402, 407 (1969)).  A case may be removed even if a federal question arises as a defense rather than as a claim apparent from the face of the plaintiff's well-pleaded complaint.  *See Jefferson County, Ala. v. Acker*, 527 U.S. 423, 431 (1999).

4.  Removal of this case is proper under section 1442(a)(1) because USPS is named as a defendant and the petition alleges that the automobile collision between American Access's insured and the USPS employee occurred in the course and scope of the USPS employee's employment.

5.  Further, although the text of the statute does not specifically require it, there is caselaw suggesting that removal under section 1442(a)(1) should only occur when the

defendant can assert a "colorable federal defense."[1]  *See Mesa v. California*, 489 U.S. 121, 136 (1989).  Here, though, the Court need not resolve whether a colorable federal defense must be asserted, because even if this requirement is assumed to apply, USPS is asserting at least one such defense:  the defense of sovereign immunity.  "The basic rule of federal sovereign immunity is that the United States cannot be sued at all without the consent of Congress."  *Block v. North Dakota*, 461 U.S. 273, 287 (1983).  American Access is seeking damages against USPS arising out of an automobile accident, but has not identified any statute authorizing such suit nor has it pleaded any facts showing that some waiver of sovereign immunity applies to its claim.  *See Freeman v. United States*, 556 F.3d 326, 334 (5th Cir. 2009) (explaining that the plaintiff bears "the burden of showing Congress's unequivocal waiver of sovereign immunity" (internal quotation marks and citation omitted)).  Additionally, the doctrine of derivative jurisdiction applies such that even after the case is removed to federal court, the jurisdictional defect arising from American Access's unauthorized attempt to sue a federal defendant in state court continues to exist and requires dismissal.  *See, e.g.*, *Martin v. Hyundai Translead, Inc.*,

---

[1] Courts are divided on whether this requirement should apply when the removing defendant is the government or a federal agency itself (as opposed to a natural person who is removing the case as a federal officer). *Compare Guggenberger v. Starkey Labs., Inc.*, No. 16-2021, 2016 WL 7479542, at 11 n.13 (D. Minn. Dec. 29, 2016) (explaining that such a showing is required in the Eighth Circuit but explaining that there "appears to be a circuit split on the issue"), *with City of Cookeville v. Upper Cumberland Elec. Membership Corp.*, 484 F.3d 380, 389–92 (6th Cir. 2007) (holding that because *Mesa*'s requirement of a colorable federal defense was tied to the words "under color of office" in the statute, federal agencies need not provide a colorable federal defense because "under color of office" language applies only to federal officers or agents), *and City of Jacksonville v. Dep't of Navy*, 348 F.3d 1307, 1313 n.2 (11th Cir. 2003) (recognizing that "it remains to be decided whether the requirement of a federal defense also applies to removal by the United States or one of its agencies" but declining to decide because the removing entity asserted the federal defense of sovereign immunity).

**Notice of Removal – Page 3**

No. 3:20-CV-2147-K, 2020 WL 6701806, at *4 (N.D. Tex. Nov. 13, 2020) (dismissing claims against a federal agency originally filed in state court); *Jones v. Dallas Veterans Hosp.*, No. 3:18-CV-1306-G, 2018 WL 6048017 (N.D. Tex. Oct. 23, 2018) (magistrate judge's recommendation) (same), *adopted*, 2018 WL 6042895 (N.D. Tex. Nov. 16, 2018).  This serves as a second colorable federal defense supporting removal.

*   *   *   *

This case is subject to removal pursuant to 28 U.S.C. § 1442(a)(1) and a removal is hereby timely effected.  USPS reserves all defenses and will answer or otherwise respond to the petition in due course.  *See* Fed. R. Civ. P. 81(c)(2).

Respectfully submitted,

CHAD E. MEACHAM
UNITED STATES ATTORNEY

/s/ Brian W. Stoltz
Brian W. Stoltz
Assistant United States Attorney
Texas Bar No. 24060668
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone:   214-659-8626
Facsimile:    214-659-8807
brian.stoltz@usdoj.gov

Attorneys for Defendant
United States Postal Service

Certificate of Service

On September 26, 2022, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ Brian W. Stoltz
Brian W. Stoltz
Assistant United States Attorney