UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| AMERICAN ACCESS CASUALTY COMPANY, As Subrogee of Maribel Rodriguez,<br><br>        Plaintiff,<br><br>VS.<br><br>UNITED STATES POSTAL SERVICE,<br><br>        Defendant. | CIVIL ACTION NO.<br><br>3:22-CV-2135-G |

## ORDER

Before the court is the motion to dismiss of the defendant United States Postal Service ("USPS") pursuant to FED. R. CIV. P. 12(b)(1) (docket entry 4). The plaintiff American Access Casualty Company, as subrogee of Maribel Rodriguez, ("American Access") failed to respond to the motion. For the reasons stated below, the motion is granted.

## I. BACKGROUND

On or about June 19, 2021, a USPS employee was involved in a collision with a car owned by American Access's insured, Maribel Rodriguez ("Rodriguez"). *See*

Plaintiff's Original Petition ("Petition") ¶ 3, *attached to* Notice of Removal ("Notice") (docket entry 1). At the time of the accident, the USPS employee was driving a USPS vehicle within the scope of his employment. *Id.* On September 12, 2022, American Access filed this case in the Justice Court of Rockwall County, Texas (Precinct 2). See generally *id*. American Access alleges that it compensated Rodriguez for the loss and now seeks a recovery against USPS as a subrogee in the amount of $6,893.33. *Id*. ¶ 3.

On September 26, 2022, USPS removed the case to this court pursuant to 28 U.S.C. § 1442(a)(1). *See* Notice at 1-2. On October 3, 2022, USPS moved to dismiss this action under FED. R. CIV. P. 12(b)(1). *See generally* Defendant's Motion to Dismiss ("Motion"). American Access failed to respond to the motion.

## II. ANALYSIS

Federal courts are courts of limited jurisdiction. See *Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375, 377 (1994); *Owen Equipment and Erection Company v. Kroger*, 437 U.S. 365, 374 (1978). A federal court may exercise jurisdiction over cases only as expressly provided by the Constitution and laws of the United States. *See* U.S. CONST. art. III §§ 1-2; see also *Kokkonen*, 511 U.S. at 377. Federal law gives the federal district courts original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

"The FTCA gives federal district courts jurisdiction over claims against the United States for money damages 'for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'" *Sheridan v. United States*, 487 U.S. 392, 398 (1988) (quoting 28 U.S.C. § 1346(b)).  "'It is elementary that the United States, as sovereign, is immune from suits save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *Linkous v. United States*, 142 F.3d 271, 275 (5th Cir. 1998) (quoting *United States v. Mitchell*, 445 U.S. 535, 538 (1980)).  The FTCA is such a waiver of sovereign immunity.  *Id.* (citing 28 U.S.C. § 1346(b)).

Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes the dismissal of a case for lack of jurisdiction over the subject matter.  *See* FED. R. CIV. P. 12(b)(1). A motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction must be considered by the court before any other challenge because "the court must find jurisdiction before determining the validity of a claim." *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994) (internal citation omitted); see also *Ruhrgas AG v. Marathon Oil Company*, 526 U.S. 574, 577 (1999) ("The requirement

that jurisdiction be established as a threshold matter . . . is inflexible and without exception") (citation and internal quotation marks omitted).  On a Rule 12(b)(1) motion, which "concerns the court's 'very power to hear the case . . . [,] the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'" *MDPhysicians & Associates, Inc. v. State Board of Insurance*, 957 F.2d 178, 181 (5th Cir.) (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.), *cert. denied*, 454 U.S. 897 (1981)), *cert. denied*, 506 U.S. 861 (1992).  In ruling on a motion to dismiss under Rule 12(b)(1), the court may rely on:  "1) the complaint alone; 2) the complaint supplemented by undisputed facts; or 3) the complaint supplemented by undisputed facts and the court's resolution of disputed facts." *MCG, Inc. v. Great Western Energy Corporation*, 896 F.2d 170, 176 (5th Cir. 1990) (citing *Williamson*, 645 F.2d at 413).  Once jurisdiction is challenged, the burden rests upon the party seeking to invoke the court's jurisdiction to prove that jurisdiction is proper.  *Boudreau v. United States*, 53 F.3d 81, 82 (5th Cir. 1995), *cert. denied*, 516 U.S. 1071.

   Here, USPS argues that American Access's "attempt to sue USPS over this incident is jurisdictionally barred by sovereign immunity and by the doctrine of derivative jurisdiction[.]"  Motion at 1.  The court agrees.  See *Guevara v. United States of America*, No. 3:20-CV-0022-D, 2020 WL 1529005, at *3 (N.D. Tex. March

31, 2020) (Fitzwater, J.). The court is thus deprived of jurisdiction, and USPS's motion to dismiss must be granted.[*]

For the reasons discussed, USPS's motion to dismiss American Access's claims for lack of subject matter jurisdiction is **GRANTED**.

**SO ORDERED**.

November 2, 2022.

*A. Joe Fish* (signature)

**A. JOE FISH**
**Senior United States District Judge**

---

[*] Additionally, American Access did not respond to USPS's challenge to this court's jurisdiction. Thus, American Access has failed to meet its burden of establishing that this court possesses subject matter jurisdiction over its claims.

- 5 -